FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ SEP 18 2006 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
NOT FOR PUBLICATION
-----------------------------------------------------------------x
SUN-MING SHEU & MING-CHIEN HSU,

          Plaintiffs,

   -against-

CENTEX HOME EQUITY, Part of the Financial
Services Group of Centex Corp.,

          Defendant.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

06-CV-2235 (ARR)

ROSS, United States District Judge:

Plaintiffs Sun-Ming Sheu and Ming-Chien Hsu bring this *pro se* action against Centex Home Equity. Plaintiffs have paid the requisite filing fee to commence this action. For the reasons set forth below, the Complaint is dismissed in part.

## BACKGROUND

The allegations set forth in Plaintiffs Complaint arise out of a real property transaction involving premises located at 45-14 158th Street in Flushing, New York. (Complaint ["Compl."] ¶ 2.) Plaintiffs allege that they owned the property and hired a mortgage broker to refinance. (Compl., Statement of Jurisdiction.) Plaintiffs allege that Defendant, through its counsel Yakov Bohensky ("Bohensky"), fraudulently conveyed the property to an individual named Amy Cheng, a/k/a Wang,Jin-Rong, and made fraudulent payments to several other individuals at a "phony closing" on May 23, 2000. (Compl. ¶¶ 1, 3, 4, 7.) Plaintiff alleges that Bohensky "knowingly pretended paid to Plaintiff Ming-Chien Hsu, but actually kept the money for himself" [sic]. (Compl. ¶ 5.) Moreover, Plaintiff alleges that Defendant knowingly filed a false HUD-1 Settlement Statement and made payments to third parties outside of the closing. (Compl. ¶¶ 8, 9.) Thereafter, Plaintiffs discovered the alleged fraud and filed reports with the New York Police Department ("NYPD") and Manhattan District Attorney's Office. (Compl. ¶ 10.) Plaintiffs then notified Defendant of the fraud, through Defendant's counsel, Bohensky, and

Defendant's head office. (Id.) Plaintiffs allege that they asked Bohensky not to record the deed and requested that he file reports regarding the allegedly phony closing with Defendant's head office, the NYPD, and the Manhattan District Attorney's Office. Bohensky "promised he will file report to Defendant's head office and NYPD, NY Manhattan District Attorney, but he never did it at all." (Id.) Thereafter, Plaintiffs allege, Defendant then knowingly recorded the fraudulent deed on January 10, 2001. (Compl. ¶¶ 1, 9, 10, 11.) Further, Plaintiffs allege that Defendant filed false statements in legal proceedings before the Supreme Court of New York. (Compl. ¶ 13.)

**Procedural History**

Plaintiffs filed this Complaint on May 15, 2006, claiming that Defendant's fraudulent actions and false statements to the New York Supreme Court caused the loss of their property in the state court foreclosure proceeding.[1] Plaintiffs base their claims on alleged violations of several sections of the United States Criminal Code. Plaintiffs allege that they are residents of New York and that Defendant is a Texas corporation.[2] Plaintiffs seek compensatory damages in the amount of $2.6 million and punitive damages in the amount of $25 million.

Defendant Centex Home Equity timely filed an Answer on June 8, 2006. On June 20, 2006, after Defendant had answered and without leave of the Court, Plaintiffs filed an "Affirmation on complaint." Thereafter, Defendant filed an "Amended Answer & Affirmative

---

[1] In a related case filed in this Court on May 2006, Plaintiffs brought suit against the State of New York, the Honorable Jonathan Lippman, and the Honorable Joseph G. Golia, Justices of the Supreme Court of the State of New York, regarding Plaintiffs' displeasure with the outcome of a state foreclosure action. See Sheu v. State of New York, et. al., Docket No. 06 CV 02158 (ARR). That complaint was previously dismissed by this Court on August 3, 2006.

[2] Defendant, in its Answer, admits that it is a Nevada Corporation with its principal place of business in Texas. (Defendant's Answer, Statement of Jurisdiction & Venue.)

Defenses" on June 28, 2006. Again without leave of the Court and in violation of Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs continue to paper the court with filings.

On June 11, 2006, Defendant requested leave to file a motion to dismiss or a motion for summary judgment, and this Court referred the matter to Magistrate Judge Lois Bloom for a pre-motion conference. Magistrate Judge Bloom initially scheduled a conference for August 10, 2006, then vacated the scheduling order and rescheduled the conference for September 26, 2006.

## DISCUSSION

### A. Standard of Review

In reviewing Plaintiffs' complaint, the Court is mindful that because Plaintiffs are proceeding *pro se*, their submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). Furthermore, the pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). "The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." Northrop v. Hoffman of Simsbury, Inc., 134 F.3d 41, 46 (2d Cir. 1997) (quoting Albert v. Carovano, 851 F.2d 561, 571 n.3 (2d Cir. 1988) (*en banc*). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

Even if a plaintiff has paid the filing fee, a district court may dismiss the case, *sua sponte*, if it determines that the action is frivolous. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000). An action is frivolous as a matter of law when, *inter alia*,

it is "based on an indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law ..., or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 473 (2d Cir. 1998).

## B. Alleged Violations of the Criminal Code

Plaintiffs center their Complaint on Defendant's alleged violation of several provisions of the United States Criminal Code, namely 18 U.S.C. §§ 1001, 1005, 1021, and 1621. Generally, violations of the Criminal Code may not serve as the basis for a civil cause of action unless the statute includes an express or implied private right of action. See Cort v. Ash, 422 U.S. 66, 79 (1975) (no private right of action exists under criminal statutes unless there is a clear statutory basis for such an inference). None of the provisions cited by Defendants includes an express private right of action, nor may such a right be implied from the language of the statutes. See e.g. Ippolito v. Meisel, 958 F. Supp. 155, 167 (S.D.N.Y. 1997) (no civil liability for violations of 18 U.S.C. § 1621); Williams v. McCausland, 791 F. Supp. 992 (S.D.N.Y. 1992) (no private right of action under 18 U.S.C. § 1001) (citing cases); Marc Development, Inc. v. Wolin, 845 F. Supp. 547, 552 (N.D.Ill. 1993) (18 U.S.C. § 1005 does not create a private right of action).[3] Accordingly, all of Plaintiffs' claims regarding alleged violations of 18 U.S.C. §§ 1001, 1005, 1021, and 1621 are dismissed as frivolous.

---

[3] In determining whether an implied private right of action may be inferred from the statute, courts must apply the criteria set forth by the Supreme Court in Cort v. Ash: (1) whether the plaintiff is one of the class for whose "especial benefit" the statute was enacted; (2) whether there is any indication of legislative intent to create such a remedy; (3) whether a private remedy is consistent with the underlying purposes of the legislative scheme; and (4) whether the cause of action is one traditionally relegated to state law, so that an implied right of action would be inappropriate. 422 U.S. at 78; see also Health Care Plan, Inc. v. Aetna Life Ins. Co., 966 F.2d 738, 740-42 (2d Cir. 1992) (applying the Cort factors).

## CONCLUSION

For the reasons stated above, that portion of Plaintiffs' Complaint based on alleged violations of the Criminal Code is dismissed. Fed.R.Civ.P. 12(h)(3). All pre-trial proceedings on any remaining claims are referred to Magistrate Judge Bloom, who has scheduled an initial conference for September 26, 2006 at 2 p.m. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
September, 11 2006